CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 30 2020
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PHILIP WILSON, | ) | CASE NO. 7:19CV00771 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| N.R.A.D.C, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Philip Wilson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a jail official violated his privacy rights and verbally harassed him. After review of Wilson's submissions, the court concludes that the action must be summarily dismissed.

Wilson is incarcerated at Northwestern Regional Adult Detention Center ("NRADC"). He alleges the following events:

> I was followed into bathroom, shower area ag[ainst] policies my rights and PREA. . . . [M]isconduct too[k] place on Oct[ober 4, 2019]. . . . He made me put on cl[othes] that w[ere] way too small as he therted [sic] me and made jokes. And he asked me, "How's your Daddy?" m[ultiple] times.
>
> [In] July 2019 there was glass in my food. I brok[e] two of my teeth. Needed pulled. C[ausing] me pain for more th[an] 63 days. I asked Sgt. Taylor for toothbrush. And on Nov 10 or 11[,] 2019 Sgt. Taylor gave me food with humin [sic] tooth in it. And mad[e] joke about toothbrush.

Compl. 2, ECF No. 1. Wilson sues Sgt. Taylor and NRADC, seeking monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To state a claim, the plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level," to one that is

"plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).[1]

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The NRADC, one of the defendants Wilson has named, is a jail and cannot qualify as a person to be sued under § 1983. See, e.g., McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992). Although the other defendant, Sergeant Taylor, is a person that may be sued under § 1983, Wilson's allegations against him fail to state any plausible claim that Taylor violated his constitutional rights related to the events he describes.

Wilson appears to believe that he has a constitutional right to privacy that was violated when Taylor followed him into the bathroom to change clothes. "While the Fourth Amendment applies to lawfully confined prisoners, inmates have much more limited privacy interests than those not incarcerated." Douglas v. Johnson, No. 7:11-CV-00468, 2013 WL 1123849, at *7 (W.D. Va. Mar. 18, 2013) (citing Bell v. Wolfish, 441 U.S. 520, 545-46 (1979) (upholding prison policy providing for a visual body cavity strip search of prison inmates, finding that prisons are places fraught with serious security dangers in which inmates attempt to secrete contraband by concealing it in body cavities). The court of appeals has recognized a limited right for inmates not to have their genitals exposed to persons of the opposite sex unless reasonably necessary. Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir. 1981). That right has not been extended to limited exposure when both the prisoner and the officer are the same sex. See, e.g., Lawrence v. O'Brien, No. 7:08CV00022, 2008 WL 2199275, at *5 (W.D. Va. May 27,

---

[1] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted.

2

2008) (Turk, J.) (recognizing no Fourth Amendment violation occurs when male correctional officers conduct a visual strip search of a male inmate).

Wilson alleges only that Taylor, a male officer, went into the bathroom area with him while he changed clothing. He does not allege that during this process, Taylor observed his uncovered genitals. Even if Taylor had done so, however, the court is satisfied that exposure under such circumstances to an officer of the same sex simply does not rise to constitutional proportions as required to be actionable under § 1983. If Taylor violated prison policy in some respect, that fact alone does not equate to a violation of the Fourth Amendment or any plausible claim under § 1983. See United States v. Caceres, 440 U.S. 741, 752-55 (1978) (violations of governmental policies or procedures, standing alone, do not amount to constitutional violations); Riccio v. Cty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than Constitution requires, state official's failure to abide by state law is not federal due process issue). The court concludes that Wilson's privacy concerns must be summarily dismissed for failure to state a claim.

Wilson also complains about adverse living conditions at the jail—being forced to wear clothing that was too small for him and receiving food containing foreign objects. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prisoner must prove two elements—that the deprivation of a basic human need was objectively sufficiently serious, and that subjectively the officials acted with a sufficiently culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). "[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity." Id.

Thus,

> to demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions, . . . or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions.

Id.

Wilson does not state facts showing that wearing too-small clothing placed him at any substantial risk of serious physical or mental harm or that he suffered any such harm. Thus, the court will summarily dismiss his claim about clothing size.

The foreign objects allegedly found in Wilson's food, one of which caused him to suffer broken teeth, may satisfy the substantial risk of serious harm facet of the constitutional standard. Wilson has not stated facts, however, showing that Taylor acted with deliberate indifference here. To prove deliberate indifference, Wilson must show that Taylor knew the food being served to Wilson posed a substantial risk of serious harm and failed to take "reasonable measures" to alleviate that risk. Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994). Wilson does not allege that Taylor had any involvement whatsoever with preparing the food on either occasion or that he knew it contained potentially harmful objects. As such, Wilson has not shown that Taylor was deliberately indifferent, and his Eighth Amendment claim against this defendant regarding the tainted food must be summarily dismissed.

Finally, Wilson contends that Taylor verbally teased and taunted him about the clothing and his request for a toothbrush. Allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim. Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). "Words by themselves do not state a constitutional claim, without regard to their nature." Morrison v. Martin, 755 F. Supp.

683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990) (unpublished). Nor does the Constitution "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991), abrogated on other grounds by Cnty. of Sacramento v. Lewis, 523 U.S. 833 (1998)). A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Id.; Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights). Thus, Wilson's allegations—that Taylor made verbal comments or even threats which Wilson found humiliating or disturbing—do not form the factual basis of an actionable constitutional claim of any sort. Accordingly, the court will summarily dismiss this portion of Wilson's complaint.

For the stated reasons, the court concludes that Wilson's complaint fails to state any § 1983 claim upon which relief could be granted. Therefore, the court will summarily dismiss the case without prejudice, pursuant to § 1997e(c)(1). An appropriate order will issue herewith.

Dismissal of the case without prejudice leaves Wilson free to refile his claims in a new and separate civil action if he can correct the factual deficiencies described in this opinion. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of January, 2020.

_____
Senior United States District Judge